Dear Ms. Bradford:
Reference is made to your request for an opinion of this office regarding loans made by the Drinking Water Revolving Loan Fund Program ("DWRLF") to privately owned public water systems, including those operated for profit and non-profit water districts or co-ops. As noted in your correspondence, the DWRLF was established as a result of a portion of the Safe Drinking Water Act Amendments of 1996 which provide for a Drinking Water Revolving Loan Fund for states to be funded by Environmental Protection Agency Capitalization Grants. It is our understanding that the funds loaned by the DWRLF to the water systems consist primarily of federal grant funds provided to the state by the EPA, and state matching funds, which must be provided as a requirement of the EPA grant agreements.
Specifically, you are interested in determining whether such loans violate La. Const. Art. VII, Sec. 14, which pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." (Emphasis added).
Our examination of the issues presented by your request requires that we undertake a different analysis of each of the two sources of funds, federal grant funds received from the EPA, and state funds utilized by the DWRLF as state matching funds. Our legal analysis follows. However, please be advised that based upon the reasoning set forth below, it is our opinion that as long as the loans made by the DWRLF program are in compliance with applicable federal and state law and regulation and with agreements entered into by DWRLF with the EPA, such loans are not in violation of Art. VII, Sec. 14.
With regard to the loan of federal funds, our opinion is based upon the fact that the funds provided by the EPA are not "the funds of the state or of any political subdivision"; rather, those funds are the funds of the United States. See Attorney General's Opinions No. 94-242 and 92-659. La. Const. Art. VII, Sec. 14 does not prohibit the state from making loans of federal funds in accordance with federal program guidelines.
With regard to the loan of the state matching funds as required by federal law or regulation in order for the state to receive the EPA grant funds, we call your attention to La. Const. Art. VII, Sec. 17, which pertinently provides:
 "The legislature may enact laws to enable the state, its agencies, boards, commissions and political subdivisions and their agencies to comply with federal laws and regulations in order to secure federal participation in funding capital improvement projects."
Also pertinent is Act 480 of the 1997 Regular Session, which enacted LSA-R.S. 40:2821, et. seq., which statutory provisions establish and provide for the DWRLF. We note the following pertinent statutory provisions, found therein.
LSA-R.S. 40:2821(3) provides:
 "The Constitution of Louisiana authorizes legislation which enables the state or its political subdivisions to comply with federal law in order to secure federal participation in the funding of capital projects. This Act creates the Drinking Water Revolving Loan Fund in accordance with the federal Safe Water Drinking Act (42 U.S.C. § 300f et seq.) for the purpose of providing financial assistance for the improvement of public drinking water systems in Louisiana."
LSA-R.S. 40:2823A provides:
 "There is hereby established a Drinking Water Revolving Loan Fund Program within the Department of Health and Hospitals, office of public health, through which the state may provide financial assistance, to the extent provided by state law, to both publicly and privately owned community water systems and to non-profit non-community water systems for projects eligible for assistance under this Chapter. The program shall be administered in accordance with this Chapter and the federal act."
LSA-R.S. 40:2824A states:
 "There is hereby established the Drinking Water Revolving Loan Fund, hereinafter referred to in this Chapter as the "drinking water loan fund", which shall be maintained and operated by the Department of Environmental Quality. Federal capitalization grants, less any set-aside amounts authorized by this Chapter, which are received by the Department of Health and Hospitals, office of public health, shall be deposited into or credited to the drinking water loan fund in compliance with the terms of the grant. State matching funds, when required or otherwise made available, shall be deposited directly in or credited to the drinking water loan fund in compliance with the terms of the capitalization grant agreement."
As previously noted, Art. VII, Sec. 14 begins with the following language: "Except as otherwise provided by this constitution". La. Const. Art. VII, Sec. 17, which authorizes legislation to enable public entities" to comply with federal laws and regulation in order to secure federal participation in funding capital improvement projects.", falls within this exception to the prohibitions of Art. VII, Sec. 14. It is our opinion that the establishment of the DWRLF and the loan of state funds in accordance with its enabling legislation fall within the purview of La. Const. Art. VII, Sec. 17, and therefore, La. Const. Art.VII, Sec. 14 does not prohibit such loans.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv